81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donna Kaye LEWIS, Defendant-Appellant.
 No. 95-5193.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1996.
 
 Before: MARTIN and BATCHELDER, Circuit Judges; and WISEMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 On June 6, 1994, Donna Kaye Lewis was charged with aiding and abetting an attempt to possess with intent to distribute methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 846 (Count I) and possessing with intent to distribute methamphetamine in violation of 18 U.S.C. § 841(a)(1) (Count II). The charges stemmed from an investigation begun on March 14, 1994, when United Parcel Service officials in Modesto, California became suspicious of a package received for shipment to Lewis' Kentucky address. After it was determined that the package contained methamphetamine, Kentucky Drug Enforcement Agency officers set up a controlled delivery of the package to Lewis' residence. After Lewis accepted the delivery, a federal search warrant was executed and officers seized a small quantity of suspected methamphetamine and drug paraphernalia from Lewis' home.
 
 
 2
 On October 24, 1994, Lewis pled guilty to Count 1 of the indictment pursuant to Fed.R.Crim.P. 11(e)(1)(B). Lewis' written plea agreement stated in part that, under 21 U.S.C. § 841(b)(1)(A), the Section 846 charge carried a mandatory minimum term of ten years' imprisonment, a $4,000,000 maximum fine, and at least five years' supervised release. The plea agreement also included a statement that Lewis would be sentenced pursuant to the sentencing guidelines without regard to the statutory minimum penalty if she could meet the specifications of 18 U.S.C. § 3553(f)(1)-(5), as amended by the Violent Crime Control and Law Enforcement Act of 1994.[1]
 
 
 3
 On November 2, 1994, Lewis was interviewed by a probation officer as part of her presentence investigation. At that time, Lewis admitted she knew the package delivered to her residence would contain methamphetamine, but stated she was unaware of the amount of methamphetamine she would receive, and that prior to receiving the shipment, she had not come up with a plan of how or to whom she would sell the drug. Although it made note of these statements, the presentence report recommended that Lewis receive no adjustment for her role in the offense. Lewis filed exceptions and objections to that report on January 17, 1995, claiming she satisfied the requirements of Section 5C1.2, including the requirement that she was "not an organizer, leader, manager, or supervisor of others in the offense." Because she satisfied that criterion, Lewis claimed she was automatically entitled to a four-level downward adjustment in her sentence for minimal participation under Section 3B1.2(a).
 
 
 4
 At her sentencing hearing on January 18, 1995, Lewis' counsel objected again to the presentence report and sought to characterize Lewis as a "one-time player" who "did not understand the scope or the structure of what she was going to be required to do" and who was "clearly operating under somebody else's direction and left to operate for herself without knowledge of the scope." (J.A. at 94). Although the district court determined that Lewis satisfied the provisions of Section 5C1.2, and would therefore be sentenced without regard to the statutory minimum sentence, it overruled her objections to the sentencing report on the ground that she deserved neither an upward nor downward adjustment for her role in the offense. The court found Lewis' imprisonment range to be 87 to 108 months based on a total offense level of 29 and a criminal history category of I, and sentenced her to seven years and three months in prison. This appeal followed.
 
 
 5
 On appeal, Lewis challenges the district court's factual findings with regard to her role in the offense and its interpretation of the interplay between Sections 3B1.2 and 5C1.2 of the sentencing guidelines. Specifically, Lewis asserts that her lack of experience, knowledge, and understanding of the scope of the enterprise required a factual determination that she was a minimal participant under Section 3B1.2(a). Lewis further claims that, because she fulfilled the requirements of Section 5C1.2, and Section 5C1.2(4) in particular, she was automatically entitled to receive a four-level reduction in sentencing. In response to Lewis' arguments on appeal, the United States claims that satisfaction of the Section 5C1.2 criteria does not automatically entitle a defendant to a reduction for minimal or minor participation under Section 3B1.2, and argues that the district court properly declined to reduce Lewis' sentence based on her role in the offense. For the following reasons, we hold that the district court did not err in finding that Lewis qualified for the application of Section 5C1.2 in sentencing, but then denying her a downward adjustment for minimal participation under Section 3B1.2.
 
 
 6
 In reviewing a district court's application of the sentencing guidelines, we review its factual findings for clear error and its legal conclusions de novo. United States v. Scott, 74 F.3d 107, 111 (6th Cir.1996). In reviewing a district court's factual findings regarding a defendant's role in an offense, we note that the culpability determination "is 'heavily dependent upon the facts,' and the defendant has the burden of proving mitigating factors by a preponderance of the evidence." United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 498 U.S. 1002 (1990).
 
 
 7
 We first address Lewis' contention that a defendant who qualifies under Section 5C1.2 is automatically entitled to a reduction in his or her sentence under Section 3B1.2. Under the sentencing guidelines, certain upward and downward adjustments are authorized based on a defendant's role in an offense. Specifically, Section 3B1.1 allows for increases in a defendant's offense level where a defendant organized, led, managed or supervised others involved in criminal activity. Conversely, Section 3B1.2(a) provides for a four-level reduction if a defendant was a minimal participant in criminal activity, and Section 3B1.2(b) allows for a two-level reduction if a defendant was a minor participant.
 
 
 8
 Application Note 5 to Section 5C1.2 defines the type of defendant eligible for an upward adjustment for an aggravating role under Section 3B1.1 as an "[o]rganizer, leader, manager, or supervisor of others in the offense," and states that this "means a defendant who receives an adjustment for an aggravating role under [Section] 3B1.1." The Application Notes do not, however, discuss the impact of Section 5C1.2 with regard to minimal or minor participants. In other words, the categories of participation listed under Section 3B1.1 are the same as those used in the safety-valve provision of Section 5C1.2(4). As the district judge noted, the language of Section 5C1.2(4) appears to show the inapplicability of Section 3B1.1 for a defendant who did not organize, lead, manage, or supervise others in an offense, but does not automatically implicate Section 3B1.2. In other words, while a minimal or minor participant certainly would meet the Section 5C1.2 criteria, those criteria are not reserved exclusively for minimal or minor participants. Because of this, it is quite possible for a district court to find, as happened in this case, that a defendant falls "in that middle ground between 3B1.1 and 3B1.2, where the Guidelines need to stay as they come out and there is no evidence that they should be aggravated or mitigated." (J.A. at 102).
 
 
 9
 United States v. Walker, 1 F.3d 423 (6th Cir.1993), supports this proposition. In Walker, a defendant argued that she was less culpable than other defendants, and therefore was entitled to a two-level reduction of her base offense level for having played only a minor role pursuant to Section 3B1.2(b). The court disagreed, stating that "[t]he fact that she was less culpable than organizers, leaders, managers or supervisors' does not establish that the defendant was a minor participant." Id. at 428. We believe that, despite the fact that a defendant qualifies for application of the safety-valve provision under Section 5C1.2, a district judge retains the discretion to award or withhold a reduction for minimal or minor participation under Section 3B1.2.
 
 
 10
 In exercising that discretion, a district judge is guided by the Commentary to Section 3B1.2, which indicates that the downward adjustment for minimal participation is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group," and that this downward adjustment is intended to be used infrequently. In this case, the district court relied on the following factual findings in determining that Lewis was not a minimal or minor participant: a small amount of suspected methamphetamine was seized from her residence; another package with the same return label was seized after a drug-sniffing dog alerted to it; and scales and $1,000 were seized from Lewis' home. The district court's factual findings are not clearly erroneous, and, based on those findings and our interpretation of Section 5C1.2 as it relates to Section 3B1.2, we cannot find that the decision to deny Lewis a minimal or minor participant reduction was unjustified.
 
 
 11
 Lewis' sentence is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 The new provisions of 18 U.S.C. § 3553 contain a safety valve provision limiting the applicability of statutory minimum sentences in certain cases. Section 3553(f) provides in part that, in the case of an offense under 21 U.S.C. § 846, the court shall sentence a defendant pursuant to the sentencing guidelines without regard to any statutory minimum sentence if the court determines that the defendant meets the criteria set forth in Section 3553(f)(1)-(5). This language is codified verbatim in U.S.S.G. § 5C1.2